UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ANTONIO ARIZA,

    Plaintiff,                              Case No.:

v.

NORTH BEACH RADIOLOGY ASSOCIATES, LLLP
DUVAL EMERGENCY GROUP, LLC
and ARC MANAGEMENT GROUP, LLC.,

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, ANTONIO ARIZA [hereinafter "Plaintiff"], alleges violation(s) of the Florida Consumer Collection Practices Act and pursuant to Florida Statutes § 559.55 et seq. [hereinafter "FCCPA"] versus NORTH BEACH RADIOLOGY ASSOCIATES, LLLP, [hereinafter "NORTH BEACH"], and DUVAL EMERGENCY GROUP, LLC [hereinafter "DUVAL"] for deceptive and illegal debt collection practices. Plaintiff, ANTONIO ARIZA, further alleges violations of the Fair Debt Collection Practices Act pursuant to 15 USC 1692 et seq. against ARC MANAGEMENT GROUP, LLC.

    1.       Unlike the F.D.C.P.A., the Florida Consumer Collection Practices Act is not restricted solely to third party debt collectors. While the Act does not define the term "person," it mandates that "no person" shall engage in certain practices in collecting consumer claims whether licensed by the division or not. This court has held that this language includes all allegedly unlawful attempts at collecting consumer claims. Williams v. Streeps Music Co., 333 So. 2d 65, 67 (Fla. 4th DCA 1976).

## LEGAL STANDARD

2. The characterization of the FDCPA as a strict liability statute is generally accepted. See, e.g., LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1190 (11th Cir. 2010). Pursuant to Florida Statute 559.55(2), ("FCCPA"), "nothing in this part shall be continued to limit or restrict the applicability of the Fair Debt Collection Practices Act to consumer collection practices in this state. This part is in addition to the requirements and regulations of the federal act. In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer shall prevail."

### Trial By Jury

3. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all counts stated within and any issues so triable.

### Jurisdiction and Venue

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 1337, 1367, and pursuant to 15 U.S.C. § 1692 et seq ("FDCPA"), and pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. 559.55 et seq.

5. This action arises out of Defendants violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasion of Plaintiff's personal and financial privacy by this Defendant and its agent in its illegal effort to collect a consumer debt from Plaintiff.

6. Venue is proper in this because the alleged acts and transactions complained of occurred here, Plaintiff resides here, and the Defendants transact and/or conduct business here, and Defendants illegally attempted to collect a debt from Plaintiff within this venue.

**Parties**

7. Plaintiff is a natural person who currently resides in Miami, Florida.

8. Plaintiff is a "consumer" as defined by the FCCPA. See Fla. Stat. § 559.55(2), and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. Plaintiff originally received medical care and treatment as a result of a compensable workers compensation accident while employed by David Fawkes Racing, Inc. on or about 4/14/2013. More specifically, on that date, Plaintiff suffered multiple body injuries when he was kicked by a racehorse within the course and scope of his employment. There is no doubt that Defendant NORTH BEACH has actual knowledge that this is a workers compensation injury because they have been billing and receiving payments from Chartis, the workers compensation carrier, throughout the pendency of Plaintiff's workers compensation claim. (See Exhibit A) More specifically, NORTH BEACH submitted a bill to Chartis for which they were properly paid on or about July 2, 2013, and then Defendant illegally balance billed the Plaintiff for the difference.

10. There is no doubt that Defendant DUVAL has actual knowledge that this was a workers compensation injury because they were sent a letter by Plaintiff's counsel on or about November 25, 2013 (See "Exhibit B") advising them accordingly, along with all contact information for the insurance carrier. However, inexplicably, DUVAL ignored this and began acting jointly and in concert with Defendant ARC Management Group, LLC in an illegal attempt to collect this debt from Plaintiff. (See "Exhibit C") All correspondence referenced above are "communications" as that term is contemplated by both the FCCPA and the FDCPA.

11. All Defendants are "debt collectors" as contemplated by the Florida Consumer Collection Practices Act as the FCCPA applies to original creditors who are attempting to collect their own debts. Therefore, Defendants NORTH BEACH AND DUVAL are "debt collectors" for purposes of the Florida Consumer Collection Practices Act. See Craig v. Park Fin. Of Broward County, Inc., 390 F.Supp.2nd 1150, 1154 MD Fla 2005). ARC is a "debt collector" per the FDCPA. All Defendants have illegally communicated with Plaintiff and attempted to collect a debt that Plaintiff does not owe.

12. As a result of all Defendant actions, the Plaintiff incurred substantial damage, including but not limited financial damage. See Fla. Stat. § 559.72(9) and the FDCPA pursuant to 15 USC 1692 et seq as more fully set out below.

**Factual Allegations**

13. Pursuant to Chapter 440 et seq., it is illegal to bill injured employees for authorized care that is received as a result of a worker's compensation accident. The FDCPA is a strict liability statute (480 F3d 493 (7th Cir.2007), and as a result, a debt collector is responsible under many provisions of the FDCPA for a deviation from the FDCPA's requirements without regard to intent or knowledge or the willingness of the violation. As noted in the FCCPA, "In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer shall prevail."

14. Due to Defendants poor account resources and deficient billing practices, apparently Plaintiff was charged an invalid and improper amount on an account that Plaintiff was not legally liable for.

**COUNT 1 AS TO NORTH BEACH**
**VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT 555.72(9)**

Defendant expressly and willfully claimed and/or threatened to enforce an alleged debt owed by Plaintiff that Defendant(s) knew was not legitimate, had no legal right to, and was inaccurate and/or invalid.  See Fla. Stat. § 559.72(9) (2011) (stating that it is unlawful for a debt collector to "claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist").

15. Defendant has actual knowledge that Plaintiff's medical treatment was as a result of a compensable workers compensation accident. Because the Plaintiff's medical treatment was due to a compensable workers compensation claim, Defendant is restricted as a matter of law to collecting from the workers compensation carrier.

16. As a result of the above violations of the FCCPA, Defendant is liable to the Plaintiff for actual damages and statutory damages of $1,000.00 per named Defendant found liable, together with attorney's fees and all costs of Plaintiff's representation.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against all Defendant(s) for all of the following:

    a. Actual damages;
    b. Statutory damages pursuant to Fla. Stat. 559.72(2);
    c. Reasonable Attorneys' fees pursuant to Fla. Stat. §559.77(2);
    d. Such other and further relief as the Court may deem to be just and proper.
    e. Plaintiff respectfully demands trial by jury in this action.

## COUNT 1 AS TO ARC
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. The foregoing act and omission of the Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to the Plaintiff.

19. As a result of the Defendant's violation of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against Defendant(s) for all of the following:

      a. Damages; and
      b. Attorneys' fees and costs.

## COUNT 2 AS TO ARC
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(2)

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. Defendants falsely represented the character of the alleged debt that was allegedly owed to Defendant.

22. Defendants attempted to collect the debt from Plaintiff that it knew was not legitimate.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against Defendant(s) for all of the following:

   a. Damages; and

   b. Attorneys' fees and costs.

### COUNT 3 AS TO ARC
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f(1)

23.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24.     Defendants falsely represented the character of the alleged debt that was allegedly owed to Defendant.

25.     The alleged debt that Defendant attempted to collect from Plaintiff was not expressly authorized by the agreement creating the alleged debt nor was it permitted by law.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against all Defendant(s) for all of the following:

   a. Damages; and

   b. Attorneys' fees and costs.

### COUNT 1 AS TO DUVAL
### VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
### 555.72(9)

Defendant expressly and willfully claimed and/or threatened to enforce an alleged debt owed by Plaintiff that Defendant(s) knew was not legitimate, had no legal right to, and was inaccurate and/or invalid.  See Fla. Stat. § 559.72(9) (2011) (stating that it is unlawful for a debt

collector to "claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist").

26. Defendant has actual knowledge that Plaintiff's medical treatment was as a result of a compensable workers compensation accident. Because the Plaintiff's medical treatment was due to a compensable workers compensation claim, Defendant is restricted as a matter of law to collecting from the workers compensation carrier.

27. As a result of the above violations of the FCCPA, Defendant is liable to the Plaintiff for actual damages and statutory damages of $1,000.00 per named Defendant found liable, together with attorney's fees and all costs of Plaintiff's representation.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against Defendant(s) for all of the following:

      a. Damages; and
      b. Statutory damages pursuant to Fla. Stat. 559.72(2);
      c. Reasonable Attorneys' fees pursuant to Fla. Stat. §559.77(2);
      d. Such other and further relief as the Court may deem to be just and proper.
      e. Plaintiff respectfully demands trial by jury in this action.

### Relief Requested

WHEREFORE, based on the above stated in this complaint Plaintiff has been the subject of Defendant's abusive and unfair practices in their debt collection activity was in violation of the FCCPA and the FDCPA. Plaintiff respectfully requests this Honorable Court to enter judgment in favor of the Plaintiff on all counts and requested forms of relief and against all Defendants.

Dated: February 14, 2014				Respectfully Submitted,

					s/ J. Dennis Card, Jr.
					J. Dennis Card, Jr., Esq.
					Email: Dcard@consumerlaworg.com
					Florida Bar No.: 0487473
					Consumer Law Organization, P.A.
					2501 Hollywood Blvd., Suite 100
					Hollywood, Florida 33020
					Telephone: (954) 921-9994
					Facsimile: (305) 574-0132
					Attorney for Plaintiff

| | | | | | | |
|---|---|---|---|---|---|---|
| ARIZA ANTONIO | 5/9/2013 | I | $412.82 | | 04/29/2013 - 05/12/2013 | TT/02 |
| DIRECTDME | 5/24/2013 | M | $126.73 | $126.73 | 04/30/2013 - 04/30/2013 | MQ/MQ |
| DIRECTDME | 5/17/2013 | M | $19.89 | $19.89 | 05/03/2013 - 05/03/2013 | MM/25 |
| DIRECTDME | 5/13/2013 | M | $54.99 | $54.99 | 04/22/2013 - 04/22/2013 | MM/25 |
| HEALTH DIRECT INC | 1/18/2014 | M | $270.00 | | 12/02/2013 - 12/31/2013 | MO/MO |
| HEALTH DIRECT INC | 12/18/2013 | M | $333.00 | | 11/01/2013 - 11/26/2013 | MO/MO |
| HEALTH DIRECT INC | 12/18/2013 | L | $475.00 | | 11/14/2013 - 11/15/2013 | U7/U7 |
| HEALTH DIRECT INC | 11/20/2013 | M | $261.00 | | 10/01/2013 - 10/24/2013 | MO/MO |
| HEALTH DIRECT INC | 11/20/2013 | L | $415.00 | | 10/09/2013 - 10/21/2013 | U7/U7 |
| HEALTH DIRECT INC | 11/5/2013 | M | $900.00 | | 09/12/2013 - 10/04/2013 | M2/M2 |
| HEALTH DIRECT INC | 10/23/2013 | M | $225.00 | | 09/06/2013 - 09/23/2013 | MO/MO |
| HEALTH DIRECT INC | 10/23/2013 | L | $125.00 | | 09/16/2013 - 09/16/2013 | U7/U7 |
| HEALTH DIRECT INC | 9/26/2013 | M | $162.00 | | 08/01/2013 - 08/30/2013 | MO/MO |
| HEALTH DIRECT INC | 9/26/2013 | L | $125.00 | | 08/22/2013 - 08/22/2013 | U7/U7 |
| HEALTH DIRECT INC | 8/24/2013 | M | $198.00 | | 07/01/2013 - 07/30/2013 | MO/MO |
| HEALTH DIRECT INC | 8/24/2013 | L | $415.00 | | 07/05/2013 - 07/31/2013 | U7/U7 |
| HEALTH DIRECT INC | 7/18/2013 | M | $189.00 | | 06/06/2013 - 06/27/2013 | MO/MO |
| HEALTH DIRECT INC | 7/18/2013 | L | $65.00 | | 06/25/2013 - 06/25/2013 | U7/U7 |
| HEALTH DIRECT INC | 6/20/2013 | M | $288.00 | | 05/03/2013 - 05/24/2013 | MO/MO |
| HEALTH DIRECT INC | 6/20/2013 | L | $125.00 | | 05/23/2013 - 05/23/2013 | U7/U7 |
| HEALTH DIRECT INC | 5/29/2013 | M | $252.00 | | 04/19/2013 - 04/29/2013 | MO/MO |
| ✱ NORTH BEACH RADIOLOGY | 7/2/2013 | M | $99.00 | $449.00 | 04/14/2013 - 04/14/2013 | TF/TF |
| PETER A TOMASELLO JR DO PA | 1/16/2014 | M | $81.82 | $360.00 | 12/30/2013 - 12/30/2013 | MD/26 |
| PETER A TOMASELLO JR DO PA | 12/26/2013 | M | $128.28 | $560.00 | 12/02/2013 - 12/02/2013 | MD/26 |

EXHIBIT A       5,333.10

# ROSENBERG & ROSENBERG, P.A.
## *ATTORNEYS AT LAW*

ABE ROSENBERG
PAUL S. ROSENBERG
DAVID E. ROSENBERG

2501 HOLLYWOOD BOULEVARD
SUITE # 110
HOLLYWOOD, FL 33020

ROBERT M. ANSELMO, JR.
JEFFREY B. COHEN
DAVID L. KROHN
JESUS E. RAVELO
VINCENT J. RUTIGLIANO
MATTHEW J. SHILLING
MATTHEW D. SOSONKIN
ZACHARY J. TRITICO
D. ROBERT WELLS

BROWARD  (954) 963-0444
DADE     (305) 624-6649
FAX      (954) 963-1758

November 25, 2013

Duval Emergency Group, LLC
P.O. Box 400
San Antonio, TX 78292-0400

RE:   Patient/Debtor : Antonio Ariza
      Acct No.       : 06X18136176
      Due            : $1,706.00
      DOS            : 4/14/2013

Dear Sir/Madam:

Our client is being dunned by you for outstanding medical balances. Please note this is a workers' compensation case pursuant to which your bill is the responsibility of the workers' compensation insurance carrier - *in accordance with the medical fee schedule.* **PLEASE FORWARD YOUR BILL TO THE CARRIER LISTED BELOW.**

Any charge in excess of the fee schedule must be cancelled - it is illegal to bill the patient for charges in excess of the fee schedule.

If your have outstanding charges in accordance with the fee schedule, you should forward your requisite workers' compensation healthcare provider forms directly to the insurance carrier noted below. If there is a dispute as to what the fee schedule allows, you should directly contact the workers' compensation insurance carrier in connection therewith and if same is not resolved, you may outline to the different contentions and a hearing to have the issues determined can be arranged before the Judge of Compensation Claims, if necessary.

Very truly yours,

[signature]

JESUS E. RAVELO, ESQ.
For the Firm

JER/mh

**EXHIBIT B**

Re:   Insurance Carrier: Chartis, P.O. Box 1833, Alpharetta, GA 30023-1833, Telephone #: (800) 647-4767

      Employer   : David Fawkes Racing, Inc.
      Employee   : Antonio Ariza
      Claim No.  : 555084851
      D/Accident : 4/14/2013



*ARC Management Group, LLC*  info@arccollects.com
*1825 Barrett Lakes Blvd., Suite 505*  Toll Free 1-866-510-9754
*Kennesaw, GA 30144-7518*  Local 678-486-5200

January 21, 2014

| | |
|---|---|
| RE: | 00017680744 |
| Original Creditor: | DUVAL EMERGENCY GROUP LLC |
| Guarantor: | ANTONIO ARIZA |
| Patient: | ARIZA, ANTONIO |
| File #: | 5808816 |
| Amount Due: | $1706.00 |

This office has been retained for the collection of the above referenced debt. Your account is past due and we are requesting that you remit the amount listed above to our office. It is our intention to bring voluntary resolution to this matter. This debt was incurred when you received services on 04-14-13 from DUVAL EMERGENCY GROUP LLC.

DUVAL EMERGENCY GROUP LLC sent the account to this office for collections. It is our intention to bring voluntary resolution to the matter. Unless you dispute the validity of this debt or any portion thereof within (30) days of receipt of this notice, we will assume the debt is valid. If you notify us in writing within the thirty (30) day period that the debt or any portion thereof is disputed we will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you. If you request in writing within thirty (30) days after receipt of notice, we will provide you with the name and address of the original creditor if different from the current creditor.

**This is an attempt to collect a debt and any information obtained will be used for that purpose.**

Should you fail to respond to this letter, we may pursue further collection efforts allowed under all applicable law. If you have any questions, please contact this office.

**You can pay your bill via the internet at www.arcmgmt.com (click on Pay Your Bill Here). To ensure proper credit, please use your file number listed below. You may also mail your payment using the enclosed envelope. All funds should be payable to DUVAL EMERGENCY GROUP LLC to ensure proper credit.**

We can be reached for further discussion at 1-866-510-9754. Your prompt attention to this matter is appreciated.

Sincerely,
ARC Management Group, LLC

---

***Detach Lower Portion and Return with Payment***

CCU105441EMBCC1

**FILL OUT BELOW FOR CREDIT CARD PAYMENTS.**
CHECK CARD USING FOR PAYMENT. *Additional fee may be applied for credit card payments.*

| CARD NUMBER  PLUS 3 DIGIT SECURITY CODE (on back of card) | EXP. DATE |
|---|---|
| CARDHOLDER NAME | AMOUNT $ |
| CARDHOLDER SIGNATURE | |



CU105441
PO Box 1022
Wixom MI 48393-1022

ADDRESS SERVICE REQUESTED

ARC Management Group, LLC
1825 Barrett Lakes Blvd., Suite 505
Kennesaw GA  30144-7518

5808816-EMBCC1     222565358

ANTONIO ARIZA



EXHIBIT C

| | |
|---|---|
| RE: | 00017680744 |
| Original Creditor: | DUVAL EMERGENCY GROUP LLC |
| Guarantor: | ANTONIO ARIZA |
| Patient: | ARIZA, ANTONIO |
| File #: | 5808816 |
| Amount Due: | $1706.00 |